NO. 11-15185-BB

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

APPELLEE,

vs.

NATHAN ALLEN RAILEY,

APPELLANT.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

_____

BRIEF OF APPELLEE

KENYEN R. BROWN
UNITED STATES ATTORNEY

CHRISTOPHER B. BRINSON
ASSISTANT UNITED STATES ATTORNEY
Riverview Plaza, Suite 600
63 South Royal Street
Mobile, Alabama 36602
(251) 441-5845

ATTORNEYS FOR APPELLEE

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

UNITED STATES vs. NATHAN ALLEN RAILEY, No. 11-15185-BB.

Pursuant to Eleventh Circuit Rule 26.1-1, counsel for the Appellee adopts

the Certificate of Interested Persons previously filed by the Appellant.

## STATEMENT REGARDING ORAL ARGUMENT

The United States respectfully suggests that the facts and legal arguments are adequately presented in the briefs and record, and that the decisional process would not be significantly aided by oral argument.

# TABLE OF CONTENTS

Page

CERTIFICATE OF INTERESTED PERSONS. . . . . . . . . . . . . . . . . . . . . . . . .  C1

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . .  i

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

TABLE OF RECORD REFERENCES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

STATEMENT OF JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  viii

STATEMENT OF THE ISSUE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.    Course of Proceedings and Disposition Below. . . . . . . . . . . . . . . . . 3

    B.    Standard of Review.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

ARGUMENT AND CITATIONS OF AUTHORITY. . . . . . . . . . . . . . . . . . . . 10

    BECAUSE THE ARGUMENTS RAILEY ADVANCES ON APPEAL IN
    SUPPORT OF HIS CONTENTION THAT HE WAS ENTITLED TO A
    *FRANKS* HEARING WERE NEVER RAISED BELOW, AND BECAUSE
    HE HAS NOT EVEN ALLEGED, MUCH LESS PROVEN, GOOD CAUSE
    FOR FAILING TO PRESENT THE ARGUMENTS TO THE DISTRICT
    COURT, HE HAS WAIVED THEM.

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

# TABLE OF AUTHORITIES

**CASES** **Page**

\* *Franks v. Delaware,*

  438 U.S. 154 (1978). . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 6-8, 10, 11, 13-17

*Norelus v. Denny's, Inc.,*

  628 F.3d 1270 (11th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Arbolaez,*

  450 F.3d 1283 (11th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Cooper,*

  203 F.3d 1279 (11th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

\* *United States v. Ford,*

  34 F.3d 992 (11th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11, 12

*United States v. Garrett,*

  388 F. App'x 888 (11th Cir. 2010) (unpublished). . . . . . . . . . . . . . . . . 8, 13

\* *United States v. Hamilton,*

  587 F.3d 1199 (10th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Jones,*

  241 F. App'x 676 (11th Cir. 2007) (unpublished). . . . . . . . . . . . . . . . . . . 13

*United States v. Lanzon*,

    639 F.3d 1293 (11th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Leon*,

    468 U.S. 897 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Milian-Rodriguez*,

    828 F.2d 679 (11th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13

*United States v. Nix*,

    438 F.3d 1284 (11th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Pope*,

    467 F.3d 912 (5th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Sarras*,

    575 F.3d 1191 (11th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Schier,*

    438 F.3d 1104 (11th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Smith*,

    918 F.2d 1501 (11th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Taylor*,

    2011 WL 6062057 (4th Cir. 2011) (unpublished). . . . . . . . . . . . . . . . . . . . 8

v

*United States v. Torres*,

    162 F.3d 6 (1st Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. White*,

    584 F.3d 935 (10th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Wuagneux*,

    683 F.2d 1343 (11th Cir. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## STATUTES

18 U.S.C. § 2251(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

18 U.S.C. § 2252A(a)(5)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

28 U.S.C. § 1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . x

## OTHER AUTHORITIES

Eleventh Circuit Rule 26.1-1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . C1 of 1

Fed. R. Crim P. 12(b)(3)(C). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Fed. R. Crim P. 12(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Fed. R. Crim. P. 12(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13

# TABLE OF RECORD REFERENCES

**Page No.**                                                    **Docket  No.**

3, 5          Motion to Suppress. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 73

6             United States's Response to Defendant's
              Motion to Suppress Evidence. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 80

3, 5          Defendant's Reply to the Government's Response to
              Defendant's Motion to Suppress Evidence & Request
              for an Evidentiary Hearing. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 82

3             Second Superseding Indictment. . . . . . . . . . . . . . . . . . . . . . . . . . . . 88

6             Order re: Defendant's Motion to Suppress. . . . . . . . . . . . . . . . . . . . 89

7, 15         Order Denying Defendant's Motion to Suppress. . . . . . . . . . . . . . . 99

7             Order re: jury trial entered. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 154

7             Judgment in a Criminal Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 174

5, 7, 16      Motion to Suppress 3/14/11 Hearing Transcript. . . . . . . . . . . . . . 203

**NOTE:**  All docket entries, except for Doc. Nos. 82 and 89, are included in the

Appellant's Expanded Record Excerpts.

## STATEMENT OF JURISDICTION

This is an appeal of a final judgment of the district court in a criminal case.

The jurisdiction of this Court is premised upon 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

WHETHER RAILEY WAIVED HIS ARGUMENT THAT THE DISTRICT

COURT ERRED BY FAILING TO, *SUA SPONTE*, SUPPRESS CERTAIN

EVIDENCE UNDER *FRANKS v. DELAWARE*, WHEN THE SUPPORTING

FACTUAL ARGUMENTS HE RAISES ON APPEAL WERE NEVER RAISED

BELOW, AND HE DOES NOT ATTEMPT – EVEN ON APPEAL – TO

DEMONSTRATE GOOD CAUSE FOR FAILING TO RAISE THEM?

## STATEMENT OF THE CASE

Nathan Allen Railey appeals his convictions for production and possession of child pornography.  As ground for reversal, he argues that much of the evidence introduced at trial should have been suppressed because, according to Railey, it was obtained pursuant to a search warrant affidavit that contained material misstatements under *Franks v. Delaware*, 438 U.S. 154 (1978).  Though he made a lengthy written motion to suppress this evidence prior to trial that included a subsection alleging *Franks* violations, the district court declined to hold a *Franks* hearing because it found that he failed to make the required preliminary showing of a deliberate false statement.  Instead, the court held an evidentiary hearing on the other issues Railey raised, and ultimately denied the motion.

Most importantly for appellate purposes, however, is the fact that Railey's motion for a *Franks* hearing contained none of the factual bases that he now raises on appeal.  Indeed, the allegedly false affidavit statements that he <u>now</u> contends required suppression per *Franks* were neither raised nor argued before the district court – not in his original suppression motion, nor in any subsequent amended motion.  Railey's appellate argument is thus due to be summarily denied as waived.

His conviction is resultantly due to be affirmed.

2

**A.      Course of Proceedings and Disposition Below**[1]

On February 24, 2011, a grand jury sitting in the Southern District of

Alabama returned a superseding indictment, charging Railey with four counts of

production of child pornography, in violation of 18 U.S.C. § 2251(b), and one

count of possession of child pornography, in violation of 18 U.S.C.

§ 2252A(a)(5)(B).  Doc. 88.  At that time, Railey had already moved to suppress

certain evidence seized pursuant to a state search warrant, on grounds that, *inter*

*alia*,[2] the supporting affidavit both lacked probable cause and contained material

omissions.  Doc. 73.

The investigating officer, Mobile Police Department Detective Latonya

Thompson, composed the affidavit at issue.  It read as follows:

1.      The PLACE to be searched in Mobile County, Alabama and is
described as:

4020 Sedgwick Ct, Mobile, AL 36693, which is a brick home with
white railing around the front porch, with a brick enclosed mailbox at

---

[1]      Because the facts pertinent to this appeal are largely contained within
pre-trial pleading documents and the pre-trial evidentiary hearing, the underlying
facts and the procedural history are combined for the convenience of the reader
and to avoid unnecessary duplicative information.

[2]      Railey also alleged that there was insufficient factual basis to support
the search, no nexus between the items sought and the location to be searched, and
that the affidavit failed to describe the items sought with particularity.  *See* Doc.
82 (defendant's reply) at 12.

3

the street which is marked with 4020.  The home is the 1st home on the left as you enter the court.

2.     The PROPERTY to be searched for and seized, if found, is specifically described as:

* Any electronic media storage devices
* Any digital cameras
* Any laptop cameras
* Any and all papers which appear to have passwords written on them

3.     The GROUNDS for search are that said property:

- was a means of committing the felony of Sexual Abuse 1st Degree

The FACTS establishing probable cause for search are:

On August 15, 2010, I responded to 9568 Estate Drive Mobile, Alabama 36695.  Upon my arrival I spoke with L.T. who identified herself as the biological mother of C and K.  Mrs. T said she discovered an ink pen camera in her daughter's bedroom, and the ink pen camera was placed inside a toothbrush holder, which was cut for better visibility.  Ms. T stated she spoke with her daughters and they both stated that their step-father, Nathan Railey touched them on their vaginal area and rear-end inside and outside of their clothes.  Ms. T went on to say that both daughter's disclosed that the abuse had been going on for a while.

I spoke with nine-year-old C and she advised that her stepfather, Nathan Railey put his hands inside of her underwear touching her vagina.  She advised this happen in June while she was home alone with Mr. Railey and the abuse continued.

I then spoke with thirteen year-old K.T., who advised that her stepfather, Nathan Railey would touch her on her vagina, breast and rear-end inside of clothing.  She also said the abuse started at the end last school year.

4

Mrs. T said that she could not find the recording device for the ink pen camera and believes that Mr. Railey may have photographs of her children. She advised that Mr. Railey is a Computer Software Engineer and in their home they have a desktop computer and a laptop that Mr. Railey uses as well.

Mr. Railey has since moved from Ms. T's residence and is now living with his brother Curtis Railey at 4020 Sedgwick Court Mobile, Alabama 36693.

I am requesting a search and seize of any electronic storage devices or computers located at 4020 Sedgwick Court.

Doc. 73 at 3-4 (full names of mother and minor children in original).

In his thirty-three page motion to suppress, Railey challenged the sufficiency of the affidavit, arguing that it did not demonstrate probable cause and that the detective's stated ground for the search was false. *See id.* at 7. This was because, according to Railey, Detective Thompson's affidavit omitted material information, specifically the facts that: (1) the mother viewed the contents of the pen camera prior to calling police, but no pictures of the children were found; and (2) the mother was the one who placed the pen camera in Railey's overnight bag. *Id.* Railey then made the logical leap to his conclusion that Detective Thompson (rather than the victims' mother) "knew no pictures were on the pen camera" at issue.[3] *Id.*; *see also* Doc. 82 at 3-4. No argument was made in the motion

---

[3]     Detective Thompson denied that she was told by the mother of either of these "facts." *See* Doc. 203 (suppression hearing transcript) at 6-7, 25. Railey

regarding the affidavit's description that "the ink pen camera was placed inside a toothbrush holder, which was cut for better visibility."[4]  The motion also requested an evidentiary hearing that would encompass both the alleged probable cause deficiency, *id.* at 32, as well as the material omission issue, pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), *id.* at 7-8.

The United States responded, arguing that Railey's motion was due to be summarily denied, and that he was not entitled to a *Franks* hearing, nor a suppression hearing, as the record was sufficient for resolution of the matter.  Doc. 80 at 15.  The district court rejected Railey's request for a *Franks* hearing, finding that he had failed to meet his "substantial preliminary" burden of "showing that a false statement knowingly and intentionally, or with reckless disregard for the truth was included by the affiant."  Doc. 89 at 2-3 (quoting *Franks*, 438 U.S. at 155-56).  *See also id.* at 3 n.3 (discussing Railey's *Franks* claim).  The court nonetheless scheduled an evidentiary hearing to determine whether to apply the good-faith exception articulated in *United States v. Leon*, 468 U.S. 897 (1984).  *Id.* at 2.

---

never presented any evidence refuting this.

[4]    Yet it is this phrase that Railey now attempts to challenge on appeal.

The hearing was held on March 14, 2011,  Doc. 203 (suppression hearing transcript), during which one witness, Detective Thompson, testified.  After the hearing, the district court issued a detailed order, finding that the search warrant was invalid for lack of probable cause.  Doc. 99 at 6.  Suppression of the evidence was not required, however, because the court found that the good faith exception was applicable.  *Id.* at 8-11.  No further arguments were made with respect to the original *Franks* contention.

Railey proceeded to trial on July 14, 15, 18, and 19, 2011, and was subsequently convicted of all five counts.  Doc. 154.  Concurrent 360-month terms of imprisonment were imposed as to counts one and two.  Doc. 174 at 2.  As to counts three and four, concurrent 180-month terms of imprisonment were imposed – but they were to be served consecutively to the terms imposed on counts one and two.  *Id.*  An additional 60-month term was imposed on count five, also to be served consecutively to the other imprisonment terms.  *Id.*  The terms of imprisonment were to be followed by lifetime supervised release.  *Id.* at 3.  While incarcerated, Railey now timely appeals his conviction.

### B.    Standard of Review

The defendant is correct that the denial of a motion to suppress evidence is a mixed question of law and fact.  *United States v. Lanzon*, 639 F.3d 1293, 1299

(11th Cir. 2011).  Thus, while rulings of law are reviewed *de novo*, factual findings are reviewed for clear error, and in the light most favorable to the prevailing party below.  *Id.*

But this assumes that the motion to suppress, along with the specific factual bases in support, was raised prior to trial.  *See United States v. Taylor*, 2011 WL 6062057, Slip Op. at *2 (4th Cir. 2011) (unpublished) (citing *United States v. White*, 584 F.3d 935, 948 (10th Cir. 2009) ("This waiver rule applies not only when a defendant fails to file any pretrial motion to suppress, but also when a defendant fails to assert a particular argument in a pretrial suppression motion that he did file.")).  For a "failure to present a suppression motion prior to trial constitutes waiver unless the district court grants relief for good cause shown." *United States v. Garrett*, 388 F. App'x 888, 891 (11th Cir. 2010) (unpublished) (quoting *United States v. Ford*, 34 F.3d 992, 994 n.2 (11th Cir. 1994)).  *See also United States v. Nix*, 438 F.3d 1284, 1288 (11th Cir. 2006).  The same waiver rule applies to the failure to request a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), prior to trial.  *United States v. Smith*, 918 F.2d 1501, 1509 (11th Cir. 1990).

## SUMMARY OF THE ARGUMENT

Railey contends that the district court erred by failing to suppress the evidence obtained from the search of his brother's home, arguing – for the first time on appeal – that the affidavit contained the affirmatively false statement that "the ink pen camera was placed inside a toothbrush holder, which was cut for better visibility." Read in the context of the affiant's testimony at the suppression hearing, that phrase was most certainly not a false statement. But the Court need not reach this issue. For by failing to raise this argument below, he has waived the issue for appellate review. And, tellingly, he does not even attempt to demonstrate "good cause" for this failure. No preserved issue remains for this Court to decide. Railey's conviction is thus due to be affirmed.

9

## ARGUMENT AND CITATIONS OF AUTHORITY

### \*\*\*

**BECAUSE THE ARGUMENTS RAILEY ADVANCES ON APPEAL IN SUPPORT OF HIS CONTENTION THAT HE WAS ENTITLED TO A *FRANKS* HEARING WERE NEVER RAISED BELOW, AND BECAUSE HE HAS NOT EVEN ALLEGED, MUCH LESS PROVEN, GOOD CAUSE FOR FAILING TO PRESENT THE ARGUMENTS TO THE DISTRICT COURT, HE HAS WAIVED THEM.**

On appeal, Railey contends that the evidence seized from his brother's house – Railey's residence at the time – should have been suppressed because the affidavit in support of the search warrant contained materially false statements, in violation of *Franks v. Delaware*, 438 U.S. 154 (1978).  Railey challenged the affidavit prior to trial, and even requested a *Franks* hearing.  But in doing so, he did not raise the allegedly "false statements" that he now complains of on appeal.  Thus, the suppression motion and the *Franks* hearing request – at least in their current form – were never before the district court.  Instead, at the district court, Railey complained that the affiant, Detective Thompson, knew no pictures were on the pen camera at issue, but nevertheless did not include that fact in the affidavit.  Yet here, for the first time, he takes a different tack.  He now asserts that

Thompson's statement that "the ink pen camera was placed inside a toothbrush holder, which was cut for better visibility" is the pertinent false statement per *Franks*. This convenient shift in theory is waived, and Railey's current line of argument is therefore not reviewable on appeal.

According to FED. R. CRIM P. 12(b)(3)(C), motions to suppress evidence must be filed prior to trial. *United States v. Milian-Rodriguez*, 828 F.2d 679, 683 (11th Cir. 1987). Moreover, the district court may set deadlines for the parties to raise pre-trial motions. FED. R. CRIM P. 12(c). But if a party does not raise such a motion by the court's deadline, he waives that defense or objection unless the court grants relief from the waiver upon a showing of good cause. FED. R. CRIM. P. 12(e); *see also United States v. Ford*, 34 F.3d 992, 994 n.2 (11th Cir. 1994) (a "failure to present a suppression motion prior to trial constitutes waiver unless the district court grants relief for good cause shown").

The waiver rule is not dodged by filing a suppression motion if the motion does not sufficiently present the facts and theories relied upon to the district court. *See, e.g., United States v. Arbolaez*, 450 F.3d 1283, 1294 (11th Cir. 2006) (in order to mandate a *Franks* evidentiary hearing, the defendant must allege "deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof, . . . point[ing] out specifically the

11

<u>portion of the warrant affidavit that is claimed to be false</u>, and they should be accompanied by a statement of supporting reasons.") (emphasis added); *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1296 (11th Cir. 2010) (citing "well-established rule against reversing a district court judgment on the basis of <u>issues and theories</u> that were never presented to that court – issues not raised in the district court should not be considered on appeal.") (emphasis added); *United States v. Cooper*, 203 F.3d 1279, 1284 (11th Cir. 2000) ("a motion to suppress must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that a substantial claim is presented . . . . A court need not act upon general or conclusory assertions."); *Ford*, 34 F.3d at 994 n.2 (holding that defendant waived specific suppression argument not presented to the district court prior to trial). *See also United States v. Hamilton*, 587 F.3d 1199, 1213 (10th Cir. 2009) (the waiver rule "applies not only to the failure to make a pre-trial motion, but also to the failure to include a particular argument in the motion."); *United States v. Pope*, 467 F.3d 912, 918-19 (5th Cir. 2006) (the "failure to raise specific issues or arguments in pre-trial suppression proceedings operates as a waiver of those issues or arguments for appeal."); *United States v. Torres*, 162 F.3d 6, 11 (1st Cir. 1998) ("A litigant cannot jump from theory to theory like a bee buzzing from flower to flower . . . when a party fails to raise a theory at the district court

12

level, that theory is generally regarded as forfeited and cannot be advanced on appeal.").

The foregoing waiver rule does have one narrow exception. *See* FED. R. CRIM. P. 12(e) ("for good cause, the court may grant relief from the waiver"). But, Railey does not even attempt to demonstrate good cause justifying relief from the waiver. This Court should therefore decline to consider this appellate claim. *See Milian-Rodriguez*, 828 F.2d at 683; *United States v. Garrett*, 388 F. App'x 888, 891 (11th Cir. 2010) (unpublished); *United States v. Jones*, 241 F. App'x 676, 678 (11th Cir. 2007) (unpublished).

Nonetheless, if this Court were to entertain the claim, given Railey's failure to present these specific arguments to the district court, review would be limited to plain error. *See United States v. Schier,* 438 F.3d 1104, 1106 n.1 (11th Cir. 2006). And what the argument then logically morphs into is a claim that the district court plainly erred by failing to *sua sponte* reverse its ruling on the *Franks* hearing, hold a separate hearing, then suppress the evidence. Such a contention is patent nonsense.

A situation such as this rises nowhere near the lofty burden that defendants must meet as a necessary prerequisite for a mere <u>hearing</u> under *Franks*. In *Franks v. Delaware*, the Supreme Court held that "where the defendant makes a

13

<u>substantial preliminary showing</u> that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Franks*, 438 U.S. 154, 155-56 (1978) (emphasis added). The Court explained, however, that to receive an evidentiary hearing, the challenge to the affidavit "must be more than conclusory." *Id.* at 171. In other words,

> [t]here must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted . . . is only that of the affiant, not of any nongovernmental informant.

*Id.* Railey never came within earshot of this high standard. Indeed, in his suppression motion he makes no mention of the phrase he now challenges on appeal (much less an offer of proof). And even if the Court entertained his newest arguments, he remains short of the required substantial showing.[5]

---

[5]    Though the district court's order only analyzed whether to apply *Leon*'s good faith exception, it is clear that the court was convinced that Detective

Because "[a]ffidavits supporting arrest warrants are presumptively valid," *United States v. Sarras*, 575 F.3d 1191, 1218 (11th Cir. 2009), a defendant must make the "substantial preliminary showing" required by *Franks* in order to be entitled to a hearing. *Id.* Again, Railey did not even *allege*, must less *attempt* to demonstrate that the affiant in his case included in the search affidavit the "deliberate falsehood or of reckless disregard for the truth" that he now challenges. *Franks*, 438 U.S. at 171. The only issues he raises – that (1) the pen camera was not "placed inside a toothbrush holder," and that (2) the toothbrush holder was not "cut for better visibility" – do no more than show, at the very maximum, that "negligence or [an] innocent mistake" *could* have been made on the search affidavit. *United States v. Wuagneux*, 683 F.2d 1343, 1355 (11th Cir. 1982) (stating that "even if proven, however, such allegations of negligence or innocent mistake are insufficient.") (internal quotations omitted). And it is doubtful that the statements demonstrated that much.

In fact, the allegedly false statement was not false at all, particularly when placed in context. The victims' mother told Detective Thompson that she believed that Railey may have photographs of her children. She explained that Railey is a

---

Thompson's affidavit, though perhaps inartfully worded, was composed in good faith. Doc. 99 at 6-7 (explaining what the detective "intended to convey.").

15

computer engineer and that in their home they have a desktop computer and a

laptop that Railey used, as well.  As Detective Thompson revealed at the

suppression hearing, the victims' mother also gave her "a pink toothbrush holder

that had been cut out in a section where there was no purpose for it to be cut out

. . . and stated that she found this as well, with the front of the pen camera."  Doc.

203 at 10.  Thompson further stated that the front of the pen camera was found in

one of the little girls' bathroom, and that the USB recording portion of the pen

camera was missing.  Doc. 203 at 6-7.  The mother also told Thompson that Railey

had taken his computer equipment – including the missing portion of the pen

camera – when he moved into his brother's home.  Doc. 203 at 13.  Given the

information from the mother and the little girls about Railey's pattern of sexual

abuse, the bizarre configuration of the toothbrush holder, and the location of the

pen camera, Thompson's assumption that the camera was placed inside the

toothbrush holder, which was cut for visibility was a most valid one.[6]  In any case,

it was certainly not made knowingly, intentionally, nor recklessly.  And Railey,

even now, presents no evidence to the contrary.  Thus, even if entertained, this

newly raised argument fails to meet the threshold requirement for a *Franks*

---

[6]    Though Railey appears to allege that the statement at issue meant that
Detective Thompson literally found the camera inside the toothbrush holder, the
affidavit's statement indicates nothing of the sort.

16

hearing, and – even more so – fails to prove a *Franks* violation.

In any event, this argument was waived when Railey chose not to raise it below.  His thin appellate argument therefore need not be reached.

## CONCLUSION

Accordingly, the United States respectfully requests that this Court affirm Railey's conviction.

Respectfully submitted,

KENYEN R. BROWN
UNITED STATES ATTORNEY

Christopher B. Brinson
Assistant United States Attorney
Attorneys for Appellee

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation set forth in Fed. R. App. P. (a)(7)(B)(iii).  This brief contains 3,712 words.

Christopher B. Brinson
Assistant United States Attorney

17

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing brief has been served upon counsel for appellant by placing same in the United States Mail, postage prepaid and properly addressed, to:  Arthur J. Madden, III, Esquire, Madden & Soto, 465 Dauphin Street, Mobile, Alabama  36602, on this 26th day of March 2012.

Christopher B. Brinson
Assistant United States Attorney